UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ECOLAB Inc., and NALCO COMPANY LLC d/b/a Nalco Water, an Ecolab Company and/or Nalco Water,<br><br>Plaintiffs,<br><br>v.<br><br>JESSICA GRAILER,<br><br>Defendant. | Case No.: 3:23-cv-00102-wmc |

### DEFENDANT JESSICA GRAILER'S RESPONSE TO PLAINTIFFS' UPDATE REGARDING PENDING MOTIONS TO COMPEL

Defendant Jessica Grailer responds as follows to Plaintiffs' Update Regarding Pending Motions to Compel (Dkt. 98). She opposes Plaintiffs' request (*see* Dkt. 98 at 3) that the Court postpone its scheduled hearing. Grailer's motions have been fully briefed for many months, and as Plaintiffs acknowledge in their update, both motions are unresolved.

**I.       Motion to Compel Supplemental Response to Interrogatory No. 4 (Dkt. 57)**

The state of affairs regarding Dkt. 57 has changed little since that motion was filed and briefed in June 2023. In Dkt. 57, Grailer moved for an order compelling Plaintiffs to identify everyone with access to each of the purported "trade secrets" that Plaintiffs accuse Grailer of misappropriating. When briefing closed in June, Plaintiffs had done nothing to resolve the motion beyond identifying "categories" of Ecolab employees who generally had access to Plaintiffs' alleged "trade secrets." Plaintiffs refused to identify any of those employees by name. Nor did they provide information about the number of employees—10, 100, 1,000?—with access to what Plaintiffs allege are their "trade secrets." And they provided no information at all regarding customers or other third parties with access to the alleged "trade secrets."

In response to the Court's notice of hearing, Plaintiffs now commit in their update to identify, in some manner, "third parties outside Ecolab, if any, that had access to the identified trade secrets." Dkt. 98 at 2. Without making any commitments, they also agree "to discuss whether further detail regarding personnel within Ecolab (short of providing the specific name of every single individual) can be provided in a manner that is proportional to the needs of this case and not unduly burdensome." *Id.*

Plaintiffs' update demonstrates that Grailer's motion is unresolved and requires adjudication. Grailer's counsel conferred with Plaintiffs' counsel many times before moving to compel in June. *See* Dkt. 58 at 4. And Plaintiffs never offered to provide additional information in response to Grailer's motion before the Court issued its recent hearing notice. Today as before, Grailer does not know how many internal employees and external customers and other third parties had access to the "trade secrets" Plaintiffs allege in this suit, nor who those employees and third parties are. She also does not know if Plaintiffs claim that all such unidentified employees and third parties were subject to confidentiality agreements. And, since Plaintiffs will not tell her who the employees and third parties are, she would not be fully able to test any generalized claim that confidentiality agreements were in place. Grailer has no more information than when she filed her motion to compel. There is no reason to further delay a decision on this seven-month-old motion.

**II.     Motion to Compel Production of Microsoft Audit Log (Dkt. 65)**

The status regarding Dkt. 65 has similarly changed little since Grailer filed the September 12 reply brief (Dkt. 79) that closed briefing on that motion.

Grailer filed Dkt. 65 to force Plaintiffs to produce Microsoft audit log data relating to their accusation that Grailer somehow accessed their network after returning her company-issued laptop in January 2023. In May 2023, Plaintiffs produced a truncated, six-column log containing a small

portion of the data. *See* Dkt. 68-9. Then for months, they incorrectly claimed they had nothing left to produce. *See* Dkt. 79 at 6–7. That forced Grailer to incur fees by moving to compel production of the complete Microsoft audit log that Plaintiffs claimed not to have. Plaintiffs proved Grailer right after she filed her motion, producing a far larger and more complete version of the truncated log they had given to Grailer in May. *Compare* Dkt. 68-9 *with* Dkt. 74-1; Dkt. 80-2; Dkt. 80-3. Plaintiffs' belated production still was not fully responsive to Grailer's request, but Grailer offered to withdraw her motion if Plaintiffs would stipulate that the newly produced log contained all the same data Grailer would have received if Plaintiffs had produced the Microsoft audit log that Grailer requested in the first instance. *See* Dkt. 79 at 2–4. Grailer also refused in her proposed stipulation to forfeit her right to seek the fees Plaintiffs had forced her to incur, which Grailer believes she is entitled to under Fed. R. Civ. P. 37(a)(5)(A). *See* Dkt. 79 at 2–3, 6–7; *Lacy v. Anderson*, 20-cv-1014-jdp, 2022 WL 19247, at *1 (W.D. Wis. Jan. 3, 2022) ("[U]nder Rule 37(a)(5), the general rule is that 'the court must ... require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees' when 'requested discovery is provided after the motion was filed' . . . [unless] (1) the movant failed to comply with Rule 37(a)(1); (2) the failure to provide discovery was 'substantially justified'; or (3) an award of expenses would be otherwise 'unjust.'" (quoting Fed. R. Civ. P. 37(a)(5)(A)).) Plaintiffs rejected Grailer's proposed stipulation out of hand, forcing her to incur additional fees in connection with her September 12 reply.

Plaintiffs again took no further action until the Court issued its hearing notice, and the underlying problems again are unresolved. Plaintiffs now are agreeing to execute either the stipulation they rejected in August or "a substantially similar stipulation containing corrected facts." Dkt. 98 at 2. But they still haven't determined whether or not they fully agree with the

stipulation Grailer proposed in August, and they've stipulated to no facts so far. Plaintiffs also are now agreeing to produce what Grailer originally asked for—"the audit log extracted directly from Microsoft"—but only if they later determine that "doing so is feasible without unreasonable burden." *Id.* Even though briefing closed on Dkt. 65 over four months ago, Plaintiffs still have taken no position on these questions of "feasibility" and "burden" that they raise in their update. As with Dkt. 57, this is a long-pending motion that should be decided, not delayed.

    Respectfully submitted this 16th day of January, 2024.

        */s/ Matthew Splitek*
        Matthew Splitek (SBN 1045592)
        QUARLES & BRADY LLP
        33 E. Main Street, Suite 900
        Madison, WI 53703
        Telephone: (608) 251-5000
        matthew.splitek@quarles.com

        Johanna M. Wilbert (SBN 1060853)
        Shauna D. Manion (SBN 1091704)
        QUARLES & BRADY LLP
        411 E Wisconsin Avenue
        Milwaukee, WI 53202
        Telephone: (414) 277-5000
        johanna.wilbert@quarles.com
        shauna.manion@quarles.com

        Lauren C. Bolcar
        QUARLES & BRADY LLP
        2020 K Street NW, Suite 400
        Washington, D.C. 20006
        Telephone: (202) 372-9600
        lauren.bolcar@quarles.com

        *Attorneys for Jessica Grailer*