UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ECOLAB INC. | ) |
|       PLAINTIFF | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:23-CV-215-CHB-RSE |
| | ) |
| | ) |
| JOHN SCOTT SHANKLIN, | ) |
| WASHING SYSTEMS, LLC, | ) |
| and KAO USA INC. | ) |
| | ) |
|       DEFENDANTS | ) |
| AND | ) |
| | ) |
| WASHING SYSTEMS, LLC | ) |
|       COUNTERCLAIM PLAINTIFF | ) |
| | ) |
| v. | ) |
| | ) |
| ECOLAB, INC. | ) |
| | ) |
|       COUNTERCLAIM DEFENDANT | ) |

## ECOLAB INC.'S RESPONSES TO COUNTERCLAIM PLAINTIFF WASHING SYSTEMS, LLC'S EXPEDITED REQUESTS FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES

Counterclaim Defendant Ecolab Inc. ("Ecolab"), by counsel, for its Responses to Counterclaim Plaintiff Washing Systems, LLC's ("Washing Systems'") Expedited Requests for Production of Documents and Interrogatories ("Discovery Requests"), responds as set forth below.

## OBJECTIONS APPLICABLE TO ALL DISCOVERY REQUESTS, DEFINITIONS, AND INSTRUCTIONS

1. Ecolab objects to these Discovery Requests to the extent they seek to impose obligations beyond what is required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Orders that may be entered in this case.

2. Ecolab objects to these Discovery Requests to the extent they attempt or purport to seek documents and/or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. Documents and/or information protected by the aforementioned privileges and principles will not be disclosed or produced. Any disclosure of privileged materials is inadvertent and is not intended to waive any applicable privilege or protection as to either that information or any other information.

3. Ecolab objects to these Discovery Requests to the extent they seek discovery that is not relevant to the claims or defenses at issue in this litigation or reasonably calculated to lead to the discovery of admissible evidence. Any Discovery Request that encompasses time periods, activities, or locations beyond those at issue in this case is overly broad, unduly burdensome, and not proportional to the needs of the case.

4. Ecolab objects to these Discovery Requests to the extent they seek Ecolab's trade secrets, confidential business information, proprietary information, commercially sensitive information, competitively significant information, and/or personal information related to Ecolab's employees. Ecolab intends to produce information pursuant to and upon the entry of an appropriate agreement or order to protect such information, but it reserves the right to seek further protections if needed.

2

5. Ecolab objects to these Discovery Requests to the extent they attempt or purport to seek documents and/or information regarding aspects of Ecolab's business that are unrelated to the present action.

6. Ecolab objects to the production of any electronically stored information that is not reasonably accessible, or that cannot be compiled or produced without unreasonable investments of time and expense or undue burden. Ecolab further objects to these Discovery Requests to the extent they purport to require a search beyond the scope of permissible discovery contemplated by Federal Rule of Civil Procedure 26(b) and related agreements ultimately reached by the parties, or, as necessary, further ordered by the Court.

7. Ecolab objects to Washing Systems' definition of "[r]elate to," "relating to," and "regarding" as overly broad, unduly burdensome, vague, and ambiguous to the extent such definition departs from the plain and ordinary meaning of the terms. Ecolab will interpret the terms reasonably and in good faith, but in accordance with common English usage of the terms, as used in the context of the Discovery Requests.

8. Ecolab objects to Washing Systems' definition of "Documents" as overly broad, unduly burdensome, vague, and ambiguous. Ecolab will interpret "Documents" to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure.

9. Ecolab objects to the Discovery Requests to the extent they assume disputed facts or legal conclusions in describing the information requested. Ecolab's responses and objections to the Discovery Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Ecolab with Washing Systems' characterization of any facts, circumstances, or legal obligations. Any response or objection by Ecolab is without prejudice to this objection.

10. Ecolab's Objections Applicable to All Discovery Requests, Definitions, and Instructions are incorporated by reference into each of Ecolab's responses as if set forth separately therein, and each response is made without waiving any of these objections. The assertion of additional specific objections to a particular Discovery Request or the repetition of an objection shall not be construed as waiving any applicable objection with respect to that or any other response. Ecolab reserves the right to assert additional scope limitations and objections or to supplement the objections set forth herein.

11. Ecolab reserves (a) the right to object to the use of documents and information obtained during discovery in any subsequent proceedings in this or any other action on the grounds of competency, privilege, relevance, materiality, and/or any other proper grounds; and (b) the right to object, at any time, to requests or other discovery procedures involving or relating to the subject of these Discovery Requests.

12. Investigation and discovery are ongoing. Accordingly, Ecolab reserves the right to supplement, amend, correct, modify, or clarify its objections and responses as this matter progresses.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce all Documents and Communications, and any other materials in your possession, custody, or control that relate to any information recorded, downloaded, copied, taken, or otherwise accessed from the Washing Systems' Desktop or which you otherwise consulted in answering any Interrogatory.

**RESPONSE:** Ecolab objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege or protection. Ecolab also objects to this request as vague and ambiguous as to the phrase "relate to

4

any information recorded, downloaded, copied, taken, or otherwise accessed from the Washing Systems' Desktop or which you otherwise consulted in answering any Interrogatory." Ecolab interprets this phrase to mean documents and communications that reflect, or were created from, information recorded, downloaded, copied, taken, or otherwise accessed from Washing Systems' Desktop.

Subject to and without waiving the foregoing objections, and limiting the scope of this answer accordingly, Ecolab will produce non-privileged, responsive documents in its possession, custody, or control that are found after a reasonable search as soon as reasonably practicable, which is currently projected to be on or before December 22, 2023.

**REQUEST NO. 2:** Produce all Communications regarding the Washing Systems' Desktop that relate in any way to its existence, specifications, contents, ownership, or location or which you otherwise consulted in answering any Interrogatory.

**RESPONSE:** Ecolab objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege or protection. Ecolab also objects to this request as vague and ambiguous as to the phrase "relate in any way to its existence, specifications, contents, ownership, or location or which you otherwise consulted in answering any Interrogatory." Ecolab interprets this phrase to mean documents and communications that discuss the specifications, contents, ownership, or location of Washing Systems' Desktop. Ecolab further objects to this request as overly broad, unduly burdensome, disproportional to the needs of the case, and on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent

5

that it is not limited in time. Ecolab will limit its production to documents created between June 19, 2023 and August 4, 2023.

Subject to and without waiving the foregoing objections, and limiting the scope of this answer accordingly, Ecolab will produce non-privileged, responsive documents in its possession, custody, or control that are found after a reasonable search as soon as reasonably practicable, which is currently projected to be on or before December 22, 2023.

**REQUEST NO. 3:** Produce Documents and Communications Identifying or relating to any or all Ecolab personnel who were, or planned to be, physically present at the Denver Cintas plant on June 21-22, 2023 and July 31-August 1, 2023 or in which you referred to in answering any Interrogatory.

**RESPONSE:** Ecolab objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege or protection. Ecolab also objects to this request as vague and ambiguous as to the phrase "Identifying or relating to any or all Ecolab personnel who were, or planned to be, physically present at the Denver Cintas plant on June 21-22, 2023 and July 31-August 1, 2023 or in which you referred to in answering any Interrogatory." Ecolab interprets this phrase to mean documents and communications sufficient to show Ecolab personnel who were, or planned to be, physically present at the Denver Cintas plant on June 21-22, 2023 and July 31-August 1, 2023. Ecolab further objects to this request as overly broad, unduly burdensome, disproportional to the needs of the case, and on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it seeks all documents and communications "relating to any or all Ecolab personnel who were, or planned to be, physically

6

present at the Denver Cintas plant on June 21-22, 2023 and July 31-August 1, 2023 or in which you referred to in answering any Interrogatory," which, read literally, would require production of every single document related to each individual. Ecolab will limit its production to documents and communications sufficient to show Ecolab personnel who were, or planned to be, physically present at the Denver Cintas plant on June 21-22, 2023 and July 31-August 1, 2023.

Subject to and without waiving the foregoing objections, and limiting the scope of this answer accordingly, Ecolab will produce non-privileged, responsive documents in its possession, custody, or control that are found after a reasonable search as soon as reasonably practicable, which is currently projected to be on or before December 22, 2023.

**REQUEST NO. 4:** Produce all Documents and Communications, including but not limited to Communications between you and Cintas, which relate to information at the Denver Cintas plant, including but not limited to, Communications relating to the Washing Systems' Desktop and relating in any way to its existence, specifications, contents, ownership, or location or which you otherwise consulted in answering any Interrogatory.

**RESPONSE:** Ecolab objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege or protection. Ecolab also objects to this request as vague and ambiguous as to the phrase "relating to the Washing Systems' Desktop and relating in any way to its existence, specifications, contents, ownership, or location or which you otherwise consulted in answering any Interrogatory." Ecolab interprets this phrase to mean documents and communications that discuss the specifications, contents, ownership, or location of Washing Systems' Desktop. Ecolab further objects to this request as overly broad, unduly burdensome, disproportional to the needs of the case, and on the

7

grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it is not limited in time and to the extent it seeks all documents and communications "which relate to information at the Denver Cintas plant," which, read literally, would require production of every single document related to the Denver Cintas plant. Ecolab will limit its production to documents and communications created between June 19, 2023, and August 4, 2023 and that discuss the specifications, contents, ownership, or location of Washing Systems' Desktop.

Subject to and without waiving the foregoing objections, and limiting the scope of this answer accordingly, Ecolab will produce non-privileged, responsive documents in its possession, custody, or control that are found after a reasonable search as soon as reasonably practicable, which is currently projected to be on or before December 22, 2023.

**REQUEST NO. 5:** Produce all Documents and Communications relating to any information derived from the Washing Systems' Desktop or its contents, including but not limited to, any Documents and Communications relating to how you shared or used, directly or indirectly, any information derived from the Washing Systems' Desktop or which you otherwise consulted in answering any Interrogatory.

**RESPONSE:** Ecolab objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege or protection. Ecolab also objects to this request as vague and ambiguous as to the phrase "relating to how you shared or used, directly or indirectly, any information derived from the Washing Systems' Desktop or which you otherwise consulted in answering any Interrogatory." Ecolab

8

interprets this phrase to mean documents and communications that reflect sharing or use of information from Washing Systems' Desktop.

Subject to and without waiving the foregoing objections, and limiting the scope of this answer accordingly, Ecolab will produce non-privileged, responsive documents in its possession, custody, or control that are found after a reasonable search as soon as reasonably practicable, which is currently projected to be on or before December 22, 2023.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1:** Please Identify every Ecolab employee or agent (a) who was, or planned to be, physically present at the Denver Cintas plant on June 21-22, 2023 and July 31-August 1, 2023; and (b) who had access to, or possession of, the hardlock key bearing number SN#001200 from June 1, 2023 to the present.

**ANSWER:** Ecolab objects to this interrogatory as overly broad, unduly burdensome, disproportional to the needs of the case, and on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, because the requested information regarding hardlock key bearing number SN#001200 is not tied to presence at the Denver Cintas plant. Ecolab will limit its response to individuals present on the days specified (June 21-22, 2023 and July 31-August 1, 2023) who possessed hardlock key bearing number SN#001200 during those days. Ecolab further objects to this interrogatory as vague and ambiguous, to the extent it calls for a legal conclusion in its request for identification of an "agent." Subject to and without waiving the foregoing objections, and limiting the scope of this answer accordingly, Ecolab answers as follows:

Ecolab employee Adam Vesely (Territory Manager, Textile Care Division), who may only be contacted through counsel, was physically present at the Denver Cintas plant for some period

of time between June 21-22, 2023 and July 31-August 1, 2023, and had possession of a hardlock key for some period of time while physically present at the Denver Cintas plant. Ecolab is not aware whether that hardlock key bears number SN#001200.

**INTERROGATORY NO. 2:** Please Identify every Ecolab employee or agent who has, directly or indirectly, received, accessed, or requested any information from the Washing Systems' Desktop, including but not limited to, any person who engaged in verbal discussions regarding the information on the Washing Systems' Desktop.

**ANSWER:** Ecolab objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege or protection. Ecolab also objects to this interrogatory as vague and ambiguous as to the phrase "directly or indirectly, received, accessed, or requested." Ecolab interprets this phrase to mean received, accessed, or requested. Ecolab further objects to this interrogatory as vague and ambiguous, to the extent it calls for a legal conclusion in its request for identification of an "agent." Subject to and without waiving the foregoing objections, and limiting the scope of this answer accordingly, Ecolab answers as follows:

The following Ecolab employees or agents received, accessed, or requested information from Washing Systems' Desktop:

- Adam Vesely (Territory Manager, Textile Care Division)
- Nick Wagner (Lead Chemist, Textile Care Division)
- Mustapha El-Sarji (Territory Manager, Textile Care Division)

Messrs. Vesely, Wagner, and El-Sarji may only be contacted through counsel.

10

**INTERROGATORY NO. 3:** Please describe in detail every action any Ecolab employee took using information derived from or otherwise accessed from the Washing Systems' Desktop.

**ANSWER:** Ecolab objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or other privilege or protection. Ecolab also objects to this interrogatory as overly broad, unduly burdensome, and vague and ambiguous as to the phrase "describe in detail every action." Ecolab interprets this phrase to mean describe.

Subject to and without waiving the foregoing objections, and limiting the scope of this answer accordingly, Ecolab answers as follows:

Adam Vesely accessed Washing Systems' Desktop twice as part of his efforts to connect to the Ellis No. 11 washer at the Denver Cintas plant so that the washer could be programed with Ecolab formulas. On both occasions the Washing Systems' Desktop was accessed because Vesely had difficulty establishing an electronic connection to the Ellis No. 11 washer and was attempting a work around. The first access was on or around June 22, 2023, during which time Vesely made a site file backup in relation to his efforts to connect to the Ellis No. 11 washer; the second access was on August 1, 2023. During his August 1, 2023 efforts to connect to that washer, Vesely attempted to download back onto Washing Systems' Desktop the site file backup he had previously made. Vesely was unsuccessful. Information from the site file backup was not used to develop Ecolab's formulas for the Denver Cintas plant. Other than as described above, Vesely accessed information from the Washing Systems' Desktop only to attempt to respond to a question about whether Cintas used hydrogen peroxide at the Denver Cintas plant, and in an effort to make sure that Ecolab was providing a formula for each type of garment needed. Ecolab's investigation continues, and it reserves the right to amend this response should it be appropriate to do so.

11

| | |
|---|---|
| Dated: December 11, 2023 | Respectfully submitted,<br><br>/s/ *Jordan M. White*<br>Donald J. Kelly<br>Jordan M. White<br>WYATT, TARRANT & COMBS, LLP<br>400 West Market Street, Suite 2000<br>Louisville, KY  40202<br>Tel.: 502.589.5235<br>Fax: 502.589.0309<br>E-mail: dkelly@wyattfirm.com<br>E-mail: jwhite@wyattfirm.com<br><br>Matthew E. Burkhart (*pro hac vice* forthcoming)<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>300 N. Meridian Street, Suite 2500<br>Indianapolis, IN  46204<br>Tel.: 317.237.1262<br>Fax: 317.237.1000<br>E-mail: matthew.burkhart@faegredrinker.com<br><br>Martin S. Chester (*pro hac vice* forthcoming)<br>Matthew Kilby (*pro hac vice* forthcoming)<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402<br>Tel.: 612.766.7232<br>Fax: 612.766.1600<br>E-mail: martin.chester@faegredrinker.com<br>E-mail: matthew.kilby@faegredrinker.com<br><br>*Counsel for Plaintiff/Counterclaim Defendant Ecolab Inc.* |

12

**VERIFICATION OF INTERROGATORY ANSWERS**

I do hereby verify as follows:

(1)  I am an authorized representative of Ecolab Inc. ("Ecolab"), and I am authorized to sign the answers on behalf of Ecolab;

(2)  I have read the foregoing answers to interrogatories;

(3)  Not all of the matters stated in the foregoing answers are within my personal knowledge, and I am informed and believe that no single agent of Ecolab has personal knowledge of all such matters;

(4)  The facts stated in the foregoing answers and objections have been assembled by authorized agents or counsel of Ecolab;

(5)  Subject to the limitations set forth herein, I believe that the information reflected in the foregoing answers is true based on information known to me and information supplied by others.

ECOLAB INC.

By: *Thomas Harrington*
Signature

Thomas Harrington
Printed Name

AVP Corporate Accounts, Textile Care
Title

December 11, 2023
Date

13

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2023, a true and correct copy of the foregoing was served upon the following persons via electronic mail:

Jeremy S. Rogers
Sarah Reddick
Suzanne Marino
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY 40202
E-mail: Jeremy.rogers@dinsmore.com
E-mail: Sarah.reddick@dinsmore.com
E-mail: Suzanne.marino@dinsmore.com

*Counsel for Defendant John Scott Shanklin, Defendant/Counterclaim Plaintiff Washing Systems, LLC, and Defendant KAO USA, Inc.*

/s/ *Jordan M. White*
ONE OF COUNSEL FOR ECOLAB INC.

14