# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | | |
|---|---|---|
| ECOLAB INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No. 3:23-CV-215-CHB-RSE |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN SCOTT SHANKLIN, et al., | ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

### ECOLAB INC.'S MOTION TO SEAL
### CERTAIN EVIDENCE AND HEARING TRANSCRIPT EXCERPTS

Plaintiff/Counterclaim Defendant Ecolab Inc. ("**Ecolab**"), by counsel, hereby moves the Court pursuant to Local Rule 5.6 for an Order sealing portions of the Preliminary Injunction Hearing Transcript and certain exhibits entered into evidence at that hearing to protect Ecolab's highly confidential and trade secret information from exposure to the public or competitors.

## I.     INTRODUCTION

At the Preliminary Injunction Hearing held on January 11, 2024, Ecolab moved to provisionally seal certain exhibits and testimony because they contained or discussed Ecolab's highly confidential and/or trade secret information. On January 12, 2024, following the hearing, the Court entered a Memorandum of Preliminary Injunction Hearing and Order (Dkt. 94) provisionally sealing, among other things, Ecolab's Exhibits 2, 3, 4, and 5, WSI's Exhibit 10, and a portion of the Court's Official Transcript of the Preliminary Injunction Hearing between time stamps 3:00 p.m. – 4:20 p.m. at Sealed TR 13:10–40:23. (*See* Dkt. 102, PageIDs 2391–2418.)

Pursuant to the Court's instructions, Ecolab is submitting this motion to convert the Order provisionally sealing these records and testimony into a permanent sealing and requests that the Court seal portions of the Official Hearing Transcript wherein Ecolab's highly confidential and/or

1

trade secret information were discussed. Specifically, Ecolab requests that the Court seal Exhibits E-2, E-3, E-4, and E-5, as well as a narrowed portion of the Court's Official Transcript of the Preliminary Injunction Hearing between time stamps 3:00 p.m. – 4:20 p.m. (Dkt. 102, PageIDs 2391–2418): PageIDs (i) 2391–2405, (ii) 2406 (Sealed TR 28:15–19), (iii) 2409–2410 (Sealed TR 31:11–32:6), and (iv) 2418. Ecolab also requests that the Court seal Exhibit WSI-10. Ecolab further requests that the Court seal portions of the Official Hearing Transcript that discuss the contents of the aforementioned exhibits. (Dkt. 102, PageIDs 2385–2391.)

## II.     STATEMENT OF FACTS

Defendant/Counterclaim Plaintiff Washing Systems, LLC ("WSI") asserts counterclaims related to the alleged actions of a former Ecolab employee who created a site file backup from the WSI Desktop at the Cintas Denver facility.

At the Preliminary Injunction Hearing on January 11, 2024, as part of Ecolab's defense, it introduced four exhibits supporting its assertions that it independently developed the information it used at the Cintas Denver facility and demonstrating that the information on the site file backup was not a WSI trade secret. Ecolab introduced Exhibits E-2, E-3, E-4, and E-5 (which were provisionally sealed during the hearing), and elicited testimony about them, for which it now requests sealing because these exhibits and testimony reveal competitively sensitive business information that could harm Ecolab and provide a competitive advantage to Ecolab's competitors. Additionally, WSI introduced at the hearing Exhibit WSI-10, which is a spreadsheet containing, among other things, information reflecting Ecolab formula information. Exhibit WSI-10 was provisionally sealed during the hearing at the request of both WSI and Ecolab, and Ecolab requests that it be maintained under seal. Finally, at that hearing, testimony was elicited regarding certain

sensitive employment actions taken by Ecolab in response to the underlying incident. This testimony was also provisionally sealed at the hearing, and Ecolab seeks to maintain it under seal.

## III.   REVIEW OF THE PROVISIONALLY SEALED EXHIBITS/TRANSCRIPT AND OTHER PORTIONS OF THE TRANSCRIPT REQUESTED TO BE SEALED

### A.   Exhibits E-2 and E-3 and Sealed TR PageIDs 2385–2388

Exhibits E-2 and E-3, as well as the related testimony, reflect confidential information Ecolab received as part of implementing its pilot program for Cintas. On April 26, 2023, an engineer for Cintas Corporation sent an e-mail to Russell Berman of Ecolab, with the subject line "Emailing: Milford 90% Formula Classification Information 4.26.2023 – Copy.xlsx." (Exhibit E-2.) The email attached a spreadsheet containing detailed baseline information for a Cintas facility in Milford, Ohio. (Dkt. 102, PageID 2385 (Sealed TR 7:3–7).) As Mr. Berman testified, the Cintas facility in Milford, Ohio, was one of the Cintas facilities where Ecolab was installing a pilot program for Cintas. The spreadsheet includes, among other things, information about formulas (Exhibit E-3; Dkt. 102, PageID 2386 (Sealed TR 8:14–21)) and the resources and associated costs for them (Exhibit E-3; Dkt. 102, PageID 2387–2388 (Sealed TR 9:6–11, 9:19–10:7)) for Ecolab to consider in its pilot project for Cintas.

### B.   Exhibits E-4 and E-5 and Sealed TR PageIDs 2388–2391

Exhibits E-4 and E-5, as well as the related testimony, reflect additional confidential information Ecolab received as part of implementing its pilot program for Cintas. On October 18, 2023, the same Cintas employee sent an e-mail to Russell Berman with the subject line "Cintas Everett Water & Sewer," providing a spreadsheet with baseline information for several Cintas facilities. (Exhibit E-4.) The spreadsheet contains baseline information for the Cintas locations in Denver, Colorado; St. Petersburg, Florida; and Everett, Washington. (Exhibit E-5.) As Mr. Berman testified, these Cintas facilities were additional locations where Ecolab was installing a pilot

program for Cintas. The spreadsheet contains similar information to that contained in Exhibit E-3, including information about formulas and their associated resources and costs. (Dkt. 102, PageID 2389 (Sealed TR 11:10–12).)

### C.      Exhibit WSI-10

Exhibit WSI-10 is a spreadsheet from information Ecolab produced in discovery. This spreadsheet includes, among other things, Ecolab formula information used in its pilot program for the Cintas Denver facility. (*See* Exhibit WSI-10.) As acknowledged at the hearing by one of WSI's witnesses, Ecolab's formula information is reflected in the spreadsheet at least with respect to washer Group 6. (*See* Dkt. 101, Page IDs 2246 (TR 91:17–24), 2267–2268 (TR 112:10–113:5).) This formula information reflects Ecolab's process for various wash formulas.

### D.      Sealed TR PageIDs 2391–2406, 2409–2410, 2418[1]

During the Preliminary Injunction Hearing on January 11, 2024, Russell Berman of Ecolab testified regarding sensitive employment actions taken by Ecolab with respect to named employees. (Dkt. 102, PageIDs 2391–2405 (Sealed TR 13:9–27:18).) More specifically, Mr. Berman's testimony describes termination decisions made with respect to certain employees who are identified by name in the testimony, as well as information related to those determinations and employees. (*Id.*; *see also id.*, PageID 2418 (Sealed TR 40:15–23).) Additionally, certain passages of this testimony refer to information that Ecolab received from Cintas as reflected in Exhibits E-3 and E-5. (*See* Dkt. 102, PageIDs 2406 (Sealed TR 28:15–19), 2409-2410 (Sealed TR 31:11–32:6), 2418 (Sealed TR 40:1–14).)

---

[1] The Court previously provisionally sealed PageIDs 2391–2418. (*See* Dkt. 94; Dkt. 102.) Ecolab does not seek to maintain under seal PageIDs 2407–2408 or PageIDs 2411–2417.

## IV.    ARGUMENT

Courts in the Sixth Circuit recognize a "strong presumption" that court records will remain open to the public. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). The presumption is not without exceptions because court records may be sealed if they contain sensitive content. *See id.* Consequently, this Court allows parties to file documents under seal if they can "establish that the document sought to be filed under seal is entitled to protection from public disclosure." Jt. Civ. L.R. 5.6(c). To determine whether a document should be filed under seal, the moving party must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016)). Each document sought to be filed under seal must be individually justified. *See id.*

In general, documents may be sealed if they are "sources of business information that might harm a litigant's competitive standing." *Schnatter v. 247 Grp., LLC*, No. 3:20-CV-3-JRW-CHL, 2020 WL 3066622, at *1 (W.D. Ky. June 9, 2020) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). A movant does not need to definitively establish that trade secrets exist to justify sealing. *See Caudill Seed & Warehouse Co. v. Jarrow Formulas, Inc.*, No. 3:13-cv-82-CRS-CHL, 2017 WL 3220470, at *5 (W.D. Ky. July 28, 2017) (recognizing that movant "need not prove its alleged trade secrets to justify sealing these documents" because sealing is separate from a merits determination).

Sealing is also appropriate for documents that affect the privacy interests of third parties: "privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Rudd Equip. Co. v. Volvo Constr. Equip. N. Am., LLC*, No. 3:19-CV-778-DJH-CHL, 2020 WL

5

6946577, at *2 (W.D. Ky. Nov. 25, 2020) (quoting *Shane Grp.*, 825 F.3d at 308) (finding that defendant had privacy interest in contract language due to potential effect on competitive standing and finding third party had privacy interest in the contract). This category includes information about individuals' employment when those individuals are nonparties. *See Firstenergy Corp. v. Pircio*, No. 1:20-cv-1966, 2021 WL 4256181, at *2 (N.D. Ohio Apr. 13, 2021) (citing *Garner v. Anthem Cos., Inc.*, No. 3:19-CV-900-CHB-CHL, 2020 WL 3240559, at *3 (W.D. Ky. June 15, 2020)) (recognizing that "employment information" can "overcome the presumption in favor of access to court records").

### A.     Ecolab Has Compelling Interests in Sealing.

Ecolab has a compelling interest in sealing Exhibits E-2, E-3, E-4, and E-5, and the testimony about them, because they contain competitively sensitive information related to the operation, cost, and formula information for several Cintas facilities. The information contained in these documents, and the associated testimony about them, reflects data that Cintas provided to Ecolab for the purpose of implementing a more effective pilot program. (*See* Dkt. 101, PageIDs 2336–2337 (TR 181:19–182:4), 2338 (TR 183:4–10), 2348 (TR 193:5–16).) If disclosed publicly, this source of business information might harm Ecolab's competitive standing and affect the privacy interests of Cintas. Ecolab also has confidentiality obligations to Cintas. Moreover, WSI has alleged that the types of information revealed by these documents for the facilities WSI operated in are trade secrets. (Dkt. 101, PageID 2310 (TR 155:6–11).) Information that is trade secret "will generally satisfy a party's burden of showing a compelling reason for sealing documents." *Kondash*, 767 F. App'x at 638.

Ecolab also has a compelling interest in sealing Exhibit WSI-10 because it contains information about Ecolab formulas and wash processes that constitute confidential, commercially

sensitive information—information that WSI claims constitutes trade secrets. Ecolab could be hurt by the public disclosure of this information to competitors who do not have access to this information and could use it to compete against Ecolab. Because this information is Ecolab's confidential and competitively sensitive information, it warrants the protection of being sealed. *See id.*

Ecolab has a compelling interest in sealing the testimony about its employment actions regarding named employees. Those individuals are private third parties who are not named in this action, and it would be insufficient to make general redactions as to their name because they might otherwise be easily identified. *See Pircio*, 2021 WL 4256181, at \*2 (recognizing that sealing is more appropriate "where the use of more limited redactions presents practical problems, including that the identities of individuals referenced would be easily discerned"). Moreover, certain passages of testimony refer to information that Ecolab received from Cintas, the disclosure of which would harm Ecolab's competitive standing and affect the privacy interests of Cintas. (*See* Dkt. 102, PageIDs 2406 (Sealed TR 28:15–19), 2409–2410 (Sealed TR 31:11–32:6), 2418 (Sealed TR 40:1–14).)

Because the information in Ecolab Exhibits E-2, E-3, E-4, and E-5 and the associated portions of the hearing transcript, specifically Sealed TR PageIDs 2385–2391, as well as Exhibit WSI-10, reflect confidential, commercially sensitive business information and/or trade secrets, Ecolab has demonstrated compelling interests in sealing them from public disclosure. Additionally, because the testimony at Sealed TR PageIDs 2391–2406, 2409–2410 and 2418 reflect sensitive employment actions and related information with respect to named employees, as well as commercially sensitive business information, Ecolab has demonstrated compelling interests in sealing that testimony as well.

**B.      Ecolab's Interests in Sealing Are More Significant Than the Potential Public Interest in Disclosure.**

Ecolab's interest in protecting the confidential and trade secret information in exhibits and testimony outweighs any interest exhibited by the public. Consistent with Ecolab's Motion to Seal from the preliminary injunction hearing in May 2023, Ecolab is unaware of any media or public interest in this case. (Dkt. 43 at 20); *see Caudill Seed*, 2017 WL 3220470, at \*6. Moreover, public disclosure would provide Ecolab's competitors an unfair advantage and unjustified access to information that would allow them to unfairly compete with Ecolab.

**C.      The Scope of the Requested Sealing is Relatively Narrow.**

Ecolab has narrowly tailored the scope of its request to ensure that only necessary information is captured. Ecolab requests sealing of four exhibits it introduced at the January 11, 2024 Preliminary Injunction Hearing and the corresponding portions of the transcript that discuss their contents. Exhibits E-2, E-3, E-4, and E-5 reflect information relevant to Ecolab's development process that it received as part of its business relationship with Cintas. Ecolab does not seek wholesale sealing of information related to its general work or relationship with Cintas; its request is limited to these specific documents and testimony about them. Similarly, Ecolab seeks to seal WSI-10 because it contains Ecolab formula information, but it does not seek to seal general testimony about that document. Lastly, Ecolab has limited its sealing request of other testimony to narrow information that reflects sensitive employment actions regarding named individuals and other information that affects the privacy interests of innocent third parties.

**V.      CONCLUSION**

For the foregoing reasons, Ecolab respectfully requests that the Court grant its motion to maintain under seal to protect trade secret, confidential, and/or sensitive information, specifically:

- Ecolab's Exhibits E-2, E-3, E-4 and E-5;

- WSI's Exhibit WSI-10;

- The portions of the Preliminary Injunction Hearing Transcript filed at Dkt. 102, PageIDs 2385–2405; and

- The portions of the Preliminary Injunction Hearing Transcript filed at Dkt. 102, PageIDs 2406 (Sealed TR 28:15–19), 2409–2410 (Sealed TR 31:11–32:6), and 2418.

A Proposed Order is being tendered with this motion.

Dated: February 13, 2024                    Respectfully submitted,

                                            /s/ Jordan M. White
                                            Donald J. Kelly
                                            Jordan M. White
                                            WYATT, TARRANT & COMBS, LLP
                                            400 West Market Street, Suite 2000
                                            Louisville, KY  40202
                                            Tel.: 502.589.5235
                                            Fax: 502.589.0309
                                            E-mail: dkelly@wyattfirm.com
                                            E-mail: jwhite@wyattfirm.com

                                            Martin S. Chester (*pro hac vice*)
                                            Matthew Kilby (*pro hac vice*)
                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                            2200 Wells Fargo Center
                                            90 South Seventh Street
                                            Minneapolis, MN 55402
                                            Tel.: 612.766.7232
                                            Fax: 612.766.1600
                                            E-mail: martin.chester@faegredrinker.com
                                            E-mail: matthew.kilby@faegredrinker.com

                                            Matthew E. Burkhart (*pro hac vice*)
                                            FAEGRE DRINKER BIDDLE & REATH LLP
                                            300 N. Meridian Street, Suite 2500
                                            Indianapolis, IN  46204
                                            Tel.: 317.237.1262
                                            Fax: 317.237.1000
                                            E-mail: matthew.burkhart@faegredrinker.com

                                            *Counsel for Plaintiff/Counterclaim Defendant
                                            Ecolab Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to counsel of record.

                                            /s/ Jordan M. White
                                            Jordan M. White